JAMES A. TICE, JR., RESPONDENT, v. RUEL GALLUP, APPELLANT.

*Warranty — breach of — Principal — when bound by representations of agent.*

In an action to recover for a breach of warranty on a sale of a horse by the defendant through an agent authorized to sell it, the defendant was asked, while testifying as a witness in his own behalf, whether he instructed the agent to make the representations which constituted the warranty, and the question was excluded. *Held*, that its exclusion was proper. Whether the agent was a general or a special one, he had authority to make the representations by virtue of his agency to sell, unless he was forbidden so to do by his principal. *Nelson* v. *Cowing* (6 Hill, 336) followed.

APPEAL from a judgment in favor of the plaintiff. The facts are stated in the opinion.

*Ellsworth & Potter*, for the appellant.

*B. J. Hunting*, for the respondent.

* Clapp v. Fullerton, 34 N. Y., 197; Tyler v. Gardiner, 35 id., 559; Dean v. Negley, 41 Penn., 312.

GILBERT, J.:

Action for breach of warranty, on sale of a horse by defendant through an agent named Burgo. The authority to Burgo was to sell the horse if he got sixty dollars. Burgo sold to plaintiff for that price, and induced the plaintiff to purchase by representing, among other things, that the horse was only eleven years old, whereas he was fifteen; that a lameness which he had, came from a kick, whereas it was caused by a bone spavin. No question is made that these representations amounted to a warranty, or that there was a breach. The plaintiff recovered judgment, which was affirmed by the County Court. The error complained of, is, that a question put to the defendant when testifying on his own behalf, viz., whether he instructed Burgo to make the representations which constitute the warranty, was excluded. We perceive no error. Whether Burgo was a general or a special agent, he had authority to make the representations, by virtue of his agency to sell, unless he was forbidden so to do by his principal.* The question was irrelevant. A specific authority to warrant is not necessary. The judgment must be affirmed.

Judgment affirmed.

* Nelson v. Cowing, 6 Hill, 336; Story on Ag., 137.